IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-cv-02002-MSK

VESTA ANN LOPEZ,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

---

**ORDER AFFIRMING DISABILITY DETERMINATION**

---

**THIS MATTER** comes before the Court as an appeal from the Commissioner's Final Administrative Decision ("Decision") determining that the Plaintiff Vesta Ann Lopez is not disabled within the meaning of sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Having considered all of the documents filed, including the record (**#10**), the Court now finds and concludes as follows:

## JURISDICTION

The Court has jurisdiction over an appeal from a final decision of the Commissioner under 42 U.S.C. § 405(g). Ms. Lopez protectively filed an application for disability insurance benefits ("DIB") under the Social Security Act in October 2014. The state agency denied her claim. She requested a hearing before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision. Ms. Lopez appealed to the Appeals Council, which denied her request for review, making the ALJ's determination the final decision of the Commissioner. Ms. Lopez timely appealed to this Court, which reviews the ALJ's decision as the Commissioner's final

1

denial of benefits. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

## STATEMENT OF FACTS

The Court offers a brief summary of the facts here and elaborates as necessary in its analysis below. Ms. Lopez was born in 1961. She was 54 years old as of her amended alleged disability onset date, April 8, 2016. She has a high school education and has reported attending two years of college. She has worked in the past as a furniture assembler, machine operator, injection mold machinery operator, and bindery worker. The medical record reflects that she has reported back and hip pain dating to approximately 2007. She has also reported swelling in her legs, has had surgery to both legs related to varicose veins, and has reported other medical impairments and conditions as identified below. Ms. Lopez protectively applied for DIB on October 15, 2014, initially alleging disability beginning in February 2011. At the hearing before the ALJ, acting through her attorney, she amended her alleged disability onset date to April 8, 2016.

## THE ALJ'S DECISION

In adjudicating Ms. Lopez's DIB application, the ALJ found that Ms. Lopez last met the insured status requirements of the Social Security Act on June 30, 2016.

The ALJ then analyzed Ms. Lopez's application pursuant to the sequential five-step inquiry. At step one, the ALJ found Ms. Lopez did not engage in substantial gainful activity during the period from her alleged onset date, April 8, 2016, through her date last insured, June 30, 2016. At step two, the ALJ found Ms. Lopez had the following severe impairments through the date last insured: lumbar spine degenerative disc disease and facet osteoarthritis; obesity; gastroesophageal reflux disease (GERD); obstructive sleep apnea; varicose veins; and herpes. At step three, the ALJ found Ms. Lopez did not have any impairment or combination of

impairments that met or equaled the severity of a listed impairment.

The ALJ then assessed Ms. Lopez's Residual Functional Capacity (RFC). The ALJ's analysis reviewed the medical records at length, noting they included only two examinations after Ms. Lopez's amended alleged disability onset date, but that the ALJ had reviewed all of the available medical evidence. (#**10** at 20). The ALJ addressed each of Ms. Lopez's demonstrated impairments and concluded that while her medically determinable impairments could reasonably be expected to cause some of her alleged symptoms, that her statements regarding the intensity and limiting effects of her symptoms were not entirely consistent with the evidence. The ALJ found the objective medical evidence did not support Ms. Lopez's alleged pain or its limiting effects.

The RFC determination also considered the opinion of a consulting examiner, Dr. Ryan Parsons, M.D., who had opined on Ms. Lopez's various functional limitations. *Id.* at 24. The ALJ gave "great weight" to Dr. Parsons's opinion, and consistent with the limitations noted by Dr. Parsons, the ALJ determined that that through her date last insured, Ms. Lopez:

> had the residual functional capacity to perform medium work as defined in [20 C.F.R. § 404.1567(c)] except [Ms. Lopez] could stand and walk three hours at a time for a total eight hours during an eight-hour workday. [Ms. Lopez] could sit without limitations. [Ms. Lopez] could occasionally lift and carry seventy-five pounds and frequently lift and carry fifty pounds. [Ms. Lopez] could frequently stoop, kneel, crouch, crawl, climb, and balance.

*Id.* at 19. Given this RFC, the ALJ concluded that Ms. Lopez was capable of performing her past relevant work, including as a furniture assembler, machine operator, injection mold machinery operator, and bindery worker. *Id.* at 25. Given this finding, the ALJ found that during the relevant period, Ms. Lopez was not disabled as defined by the Social Security Act. *Id.* at 27.

## ISSUES PRESENTED

Ms. Lopez argues that the ALJ's RFC determination "is based on legal error and is not supported by substantial evidence." (#**13** at 4). She does not further specify the nature of the claimed legal error, other than as addressed below.

## STANDARD OF REVIEW

Judicial review of the Commissioner of Social Security's determination that a claimant is not disabled within the meaning of the Social Security Act is limited to determining whether the Commissioner applied the correct legal standard and whether the Commissioner's decision is supported by substantial evidence. *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).

Substantial evidence means evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196; *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). It requires more than a scintilla but less than a preponderance of the evidence. *Lax*, 489 F.3d at 1084. "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Although a reviewing court must meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.* However, if the ALJ failed to apply the correct legal standard, the decision must be reversed, regardless of whether there was substantial evidence to support factual findings. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## ANALYSIS

It is difficult to discern precisely what legal error(s) Ms. Lopez claims the ALJ

committed.[1]  Nevertheless, reading Ms. Lopez's brief generously, it raises four contentions, which the Court addresses in turn.

*First*, Ms. Lopez argues the opinion of the consultative examiner, Dr. Parsons, was unreasonable, suggesting the ALJ erred by giving it "great weight."  The Court sees no error.  Medical opinions are considered in evaluating the nature and severity of a claimant's impairments, but the RFC determination is reserved to the Commissioner.  20 C.F.R. § 404.1527(d)(2).  Dr. Parsons offered the only medical opinion in the record regarding Ms. Lopez's work-related limitations, and Ms. Lopez cites neither contradictory medical opinions nor any specific evidence undermining Dr. Parsons's findings.

As required, the ALJ gave "good reasons" for the weight assigned to the opinion, considering the factors listed in 20 C.F.R. § 404.1527(c).  *Vigil v. Colvin*, 805 F.3d 1199, 1201–02 (10th Cir. 2015).  Specifically, the ALJ found Dr. Parsons's opinion consistent with his own examination and with the testing, imaging, and medical evidence in the record as a whole.  (#**10** at 24).  Although Ms. Lopez argues the record might "better support" a limitation to light work, rather than medium work, she cites no specific evidence to contradict Dr. Parsons's opinion or defeat the ALJ's conclusions.  At most, she asks the Court to reweigh the evidence and reach a conclusion different than the ALJ's.  To do so would be contrary to the present scope of review.  *White v. Barnhart,* 287 F3d 903 (10th Cir 2001); *Musgrave*, 966 F.2d at 1374 (10th Cir. 1992);

*Second*, Ms. Lopez argues the ALJ erred in finding that Ms. Lopez's statements regarding her pain were not reasonably consistent with the evidence regarding her impairments.  Again, she points to no legal error committed by the ALJ.  She also cites no specific evidence to bolster her own statements, nor any evidence which the ALJ failed to consider.  The Decision reviewed in

---

[1]  Ms. Lopez's argument spans less than four pages, of which half is a recitation of facts.

5

detail the medical evidence regarding Ms. Lopez's lumbar spine degenerative disease, facet osteoarthritis, surgical history, and other impairments. Among other evidence, the ALJ noted that imaging and other tests revealed only mild impairments related to Ms. Lopez's back pain, that she had reported similar symptoms for many years, and that approximately one year before her alleged disability, a primary care physician found her reported pain was "way out of [pro]portion to exam." (#**10** at 20– 21, 455). The ALJ also reviewed an "essentially normal" electrodiagnostic examination as of May 2016, and observed that the course of treatment pursued by her physicians, her reported daily activities, and other evidence were all inconsistent with alleged debilitating pain. *Id.* at 24. The Court finds the ALJ's conclusions are supported by substantial evidence and sees no error in the ALJ's treatment of the evidence, including of Ms. Lopez's allegations regarding pain and its limiting effects. *Newbold v. Colvin*, 718 F.3d 1257, 1268 (10th Cir. 2013).

*Third*, Ms. Lopez argues the ALJ erred by failing to consider her steady and consistent work history in evaluating the credibility of her complaints. Again, the Court sees no error. Credibility determinations are the province of the finder of fact and will not be upset on appeal when supported by substantial evidence. *Id.* at 1267. In evaluating Ms. Lopez's allegations regarding disabling pain, the ALJ was required to consider the evidence as a whole, and numerous factors listed in the Commissioner's regulations. 20 C.F.R. § 404.1529(c). These factors include Ms. Lopez's prior work record, *id.*, but the ALJ need not engage in a formalistic recitation and discussion of every factor. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). Here, the ALJ identified and discussed the evidence supporting the Decision, including evaluation of Plaintiff's reported pain. No more was required. *Id.*; *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

*Fourth*, Ms. Lopez argues that because she was within a year of her 55th birthday as of her alleged disability onset date (as amended), that the ALJ erred by not treating her as an person of "advanced age" under the Commissioner's age categories. *See* 20 C.F.R. § 404.1563(d) & (e). While the Commissioner's regulations state that these categories will not be applied mechanically, they are a vocational factor that applies at the step five determination of whether a claimant who cannot perform past relevant work can adjust to doing other work. 20 C.F.R. §§ 404.1563(b) & 404.1520(g). The ALJ did not reach step five here. The age categories were not a consideration relevant to the RFC determination, and did not form a basis of the ALJ's Decision. Therefore, even assuming Ms. Lopez presented a "borderline situation" as to age (which the Commissioner disputes), this reveals no error in the Decision.

**CONCLUSION**

For the forgoing reasons, the Commissioner of Social Security's decision is **AFFIRMED.** The Clerk shall enter a Judgment in accordance herewith.

DATED this 4th day of June, 2018.

B**Y THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge